IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT L. GARY, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-3686 |
| | : | |
| STATE OF NEW JERSEY DEPARTMENT OF CONSUMER AFFAIRS OFFICE OF CONSUMER PROTECTION, et al. | : : : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                September 22, 2011

Defendant Roger Hines asks this Court to dismiss pro se Plaintiff Robert L. Gary, Jr.'s Amended Complaint. Gary brings claims against Hines and others alleging violations of his constitutional rights.[1] For the reasons set forth below, the Court will grant Hines's Motion to Dismiss.

**FACTS**[2]

This case arises from Gary's dealings with United Credit Adjusters, Inc. (United Credit). Sometime before November 2007, Gary hired United Credit, a credit repair and credit counseling company, to fix his credit, and paid United Credit $1,049. United Credit, however, did not provide Gary with credit repair services. On November 16, 2007, Gary submitted a complaint about United Credit to the Office of the New Jersey Attorney General. On October 14, 2008, after receiving

---

[1] Gary named as Defendants (1) the New Jersey Department of Consumer Affairs's Office of Consumer Protection, (2) Anne Milgram, (3) David Szuchman, (4) Roger Hines, (5) the Federal Trade Commission and its employees, (6) former U.S. Attorney for the District of New Jersey Christopher J. Christie, and (6) Assistant U.S. Attorney J. Andrew Ruymann. The instant motion addresses the motion to dismiss filed by Hines; the other motions to dismiss will be addressed by separate order.

[2] When considering a Rule 12(b)(6) motion to dismiss, a Court must accept as true the well-pleaded factual allegations of a complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2007).

multiple complaints from other consumers, the New Jersey Attorney General filed suit against United Credit for violating the New Jersey Consumer Fraud Act by requiring advance payment for credit services and failing to provide such services.

On March 9, 2009, Hines, a division investigator for the New Jersey Department of Consumer Affairs, contacted Gary in response to Gary's United Credit complaint. Hines told Gary about the Attorney General's case against United Credit and directed Gary to fill out a questionnaire providing more information about his experience with United Credit. Hines also indicated Gary may be eligible for restitution from United Credit. Gary returned the questionnaire on March 22, 2009. Gary did not speak to Hines again until June 2, 2009, when he called Hines to inquire into the status of the case against United Credit and asked why he was not called as a witness. Gary also requested the case's docket number, but Hines told him he did not have the docket number.

On July 28, 2009, the New Jersey court entered a final consent judgment requiring United Credit to pay restitution to a group of injured consumers. Gary was not included in this group. Hines advised Gary that because United Credit could not make restitution to all injured consumers, Gary would not receive restitution from the consent judgment. He further advised Gary to contact the Federal Trade Commission (FTC) to pursue a claim for restitution, which Gary did. On February 24, 2009, after receiving numerous complaints from consumers regarding United Credit's fraudulent business practices, the FTC filed suit in the United States District Court for the District of New Jersey against United Credit seeking injunctive relief to stop United Credit's fraudulent activity and equitable relief to force return of its fraudulently procured profits.

On October 27, 2010, Gary filed his first Complaint and, on January 31, 2011, filed an Amended Complaint. In his Amended Complaint, Gary brings six claims against Hines, alleging

Hines violated (1) the Civil Rights Act of 1866, 42 U.S.C. § 1981; (2) the Civil Rights Act of 1871, 42 U.S.C. § 1983; (3) the Civil Rights Act of 1861, 42 U.S.C. § 1985(3); (4) the Civil Rights Act of 1871, 42 U.S.C. § 1986; (5) 42 U.S.C. § 1982; and (6) the Civil Rights Act of 1964, 42 U.S.C. § 2000d by violating Gary's First, Fifth, Seventh, Thirteenth, and Fourteenth Amendment rights. Gary seeks injunctive and equitable relief and $100 million in damages. Hines asks this Court to dismiss Gary's Amended Complaint because Gary has failed to state a claim for violations of his statutory and constitutional rights.

**DISCUSSION**

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotation marks and citation omitted). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* The court then determines whether a plaintiff has "nudge[d] [his or her] claims across the line from conceivable to plausible." *Phillips v. Cnty. of Allegheny*, 515 F.3d 24, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). Where, as here, the plaintiff is proceeding pro se, "the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

Gary's Amended Complaint contains multiple bare allegations of violations of various statutory and constitutional rights, but provides no facts detailing the alleged discrimination committed against him or the basis of such discrimination. The absence of well-pleaded facts is fatal

to Gary's claims, which this court will address in turn.

Gary first accuses Hines of violating 42 U.S.C. § 1981 by deliberately misrepresenting the status of the New Jersey Attorney General's litigation against United Credit and by treating Gary in a manner different than other consumers were treated. Gary further claims Hines violated his right to make and enforce contracts without government interference. Section 1981 guarantees individuals the right to "make and enforce contracts, to sue, be parties, give evidence, and receive the full and equal benefit of all laws and proceedings." To state a § 1981 claim, a plaintiff must allege "(1) [he] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (citation omitted). On its face, § 1981 limits claims to allegations regarding racial discrimination in the making and enforcing of contracts. *Anjelino v. New York Times Co.*, 200 F.3d 73, 98 (3d Cir. 1999). Thus, § 1981 has no application when a plaintiff fails to allege he "suffered discrimination on the basis of [his] race or alienage." *Kehres v. Pa.*, 262 F. App'x. 466, 470 (3d Cir. 2008). Gary's Amended Complaint does not mention or reference Gary's race or alienage and does not allege Hines intentionally acted in a racially discriminatory manner.[3] Gary has also failed to allege how Hines denied his ability to make or enforce contracts. Because Gary has failed to state a claim pursuant to § 1981, this claim will be dismissed.

---

[3] Gary argues he does not need to allege any intentional race based discrimination, relying on *Philip Morris*. Gary's reliance on this case is misplaced. In *Philip Morris,* the Third Circuit held a group of black smokers failed to state a claim against a tobacco company for violations of § 1981 because the smokers did not allege that the tobacco company deprived them of their rights to "contract for, purchase, own or use" cigarettes. 250 F.3d at 797. Unlike Gary, however, the plaintiffs in *Philip Morris* specified their race in their complaint, so *Philip Morris* has no bearing on this Court's decision.

Gary next alleges Hines violated 42 U.S.C. § 1982 by depriving him of the property taken from him by United Credit, specifically the $1,049 Gary paid to United Credit for their financial services. Construing the Amended Complaint broadly, Gary's claim can be construed as an argument that Hines violated § 1982 by failing to secure restitution for Gary of the $1,049 which was fraudulently taken by United Credit. Section 1982 guarantees equal rights to "inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. To state a § 1982 claim, a plaintiff must allege "(1) the defendants' racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of race." *Philip Morris*, 250 F.3d at 797 (citation omitted). "Because of the historic interrelationship between [§ 1981 and § 1982], courts have consistently construed them together." *Id.* Gary's § 1982 claim fails based on the same deficiency as his § 1981 claim; he has not identified his race or alleged discrimination based on his race. Gary's § 1982 claim will therefore also be dismissed.

Gary's third claim alleges Hines violated 42 U.S.C. § 1985(3) by conspiring to deprive Gary of his property by seeking restitution for only those plaintiffs named in the consent judgment. Section 1985 makes it unlawful for two or more people to conspire to deprive, "either directly or indirectly, any person . . . of the equal protection of the laws, or of equal privileges" under the laws. To bring an action under § 1985(3), a plaintiff must allege "[1] that a racial or other class-based invidious discriminatory animus lay behind the coconspirators' actions, [2] that the coconspirators intended to deprive the victim of a right guaranteed by the Constitution against private impairment, and [3] that that right was consciously targeted and not just incidentally affected." *Philip Morris*, 250 F.3d at 805 (citation omitted). Like Gary's previous claims, his § 1985(3) claim fails due to his failure to allege his race or that Hines acted with racial animus. Furthermore, Gary does not allege

Hines conspired with another individual to "consciously target" Gary to deprive him of equal protection of the laws. Gary's § 1985(3) claim will be dismissed.

Gary next claims Hines violated 42 U.S.C. § 1986 because he knew about and failed to take action to stop the harm done to Gary, including the deprivation of his rights and the failure to secure restitution on Gary's behalf. Gary asserts Hines advanced this harm by encouraging Gary to seek aid from the FTC. To state a claim under § 1986, a plaintiff must allege that "a defendant [knew] of a § 1985(3) conspiracy and 'having power to prevent or aid in preventing the commission of the same, neglect[ed] or refuse[d] so to do.'" *Santiago v. Phila.*, 435 F. Supp. 136, 156 (E.D. Pa. 1977) (quoting 42 U.S.C. § 1986). This claim can only be pled once a plaintiff has sufficiently alleged a § 1985(3) violation. *Id.* Because Gary has not alleged facts giving rise to a § 1985(3) claim, Gary's § 1986 claim also fails.

Gary next alleges Hines violated 42 U.S.C. § 2000d and 42 U.S.C. § 2000d-1 by discriminating against him in connection with a program or activity receiving or accepting federal funds. Section 2000d makes it unlawful for any individual to be denied the opportunity to participate in programs or activities receiving federal funds "on the ground of race, color, or national origin." Before filing a § 2000d claim, a plaintiff must exhaust a federal agency's procedures for raising a § 2000d complaint. *See Santiago*, 435 F. Supp. at 158 (stating plaintiffs bring a § 2000d-1 claim must either exhaust their administrative remedies or "plead sufficient facts to support the contention that such exhaustion would [have been] ineffective or futile"). Gary has not stated his race, color, or national origin or asserted that he was discriminated against. Additionally, Gary has not pled facts stating he contacted a federal department or agency or otherwise took steps to exhaust his administrative remedies prior to filing this suit. Without such facts, Gary's §§ 2000d and 2000d-

1claims will be dismissed.

Gary's remaining claims assert additional violations of his constitutional rights. He first claims Hines denied his First Amendment right to petition the government. The First Amendment states, "Congress shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for the redress of grievances." U.S. Const. amend. I.  However, "the Petition Clause does not protect 'objectively baseless' litigation." *Borough of Duryea v. Guarnieri*, 131 S. Ct. 2488, 2496 (2011) (citation omitted). Gary's complaint does not allege he was denied the ability to petition the government. Instead, his Complaint alleges he petitioned both the New Jersey Attorney General and the FTC. For these reasons, Gary has failed to state a claim for a violation of his First Amendment rights and this claim will be dismissed.

Gary also claims Hines violated his Fifth Amendment due process rights. Procedural due process under the Fifth Amendment requires a party be given notice and an opportunity to be heard prior to the seizure of his or her property by the government. *Zappan v. Pa. Bd. of Prob. and Parole*, 152 F. App'x. 211, 220 (3d Cir. 2005). Determining whether an individual's procedural due process rights have been violated requires considering (1) "whether the nature of the interest is one within the contemplation of" the Due Process clause and, if so, (2) whether the process comported with constitutional requirements. *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000). To demonstrate a protected property interest, a plaintiff must show "more than an abstract need or desire for it" and must instead prove "a legitimate claim of entitlement to it.'" *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Although the Constitution protects property interests, property interests derive from an "independent source such as state law." *Id.* If a plaintiff proves the

existence of a protected property right, he must then show that the government's failure to provide appropriate process resulted in a deprivation of his property interest.

Here, Gary has not adequately pled he had a protected property interest in receiving restitution as a result of the state or federal cases brought against United Credit. Although the New Jersey Consumer Fraud Act states courts may "restore to any person in interest any moneys or property, real or personal, which have been acquired by any means declared to be unlawful under this act," N.J. Stat. Ann. § 56:8-14, there is no guarantee a court will require a defendant to pay restitution or that a defendant prosecuted under this Act will be able to pay such restitution. *Cf. Felicioni v. Admin. Office of Courts*, 961 A.2d 1207, 1214 (N.J. Super. Ct. App. Div. 2008) (holding a crime victim does not obtain a property interest in restitution ordered to be paid by a criminal defendant).

Moreover, Gary has not alleged Hines deprived him of a right to any property interest. Gary asserts Hines acted as a "debt adjuster" under New Jersey law and thereby deprived Gary of his property. In New Jersey, a debt adjuster is defined as:

> a person who either (a) acts or offers to act for a consideration as an intermediary between a debtor and his creditors for the purpose of settling, compounding, or otherwise altering the terms of payment of any debts of the debtor, or (b) who, to that end, receives money or other property from the debtor, or on behalf of the debtor, for payment to, or distribution among, the creditors of the debtor.

N.J. Stat. Ann. § 17:16G-1(c). Gary, however, has pled no facts suggesting Hines represented himself as a debt adjuster or that Gary paid Hines to act as an intermediary between himself and a debtor or creditor. Moreover, Hines cannot be classified as a debt adjuster because he was acting in his official capacity as a Division Investigator for the Attorney General's office. *See id.* (stating

"a person acting pursuant to . . . authority conferred by any law of this State or the United States" shall not be deemed to be a debt adjuster).  Because Gary has not adequately pled he had a protected property interest or that Hines deprived him of such an interest, his Fifth Amendment due process claim will be dismissed.

Gary next claims Hines violated his Seventh Amendment rights by denying his right to a trial by jury.  The Seventh Amendment states, "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, . . ." U.S. Const. amend. VII.  The right to trial by jury, however, "is preserved *to the parties*" to a civil case.  Fed. R. Civ. P. 38(a) (emphasis added); *Quinn Const., Inc. v. Skanska USA Bldg., Inc.*, No. 07-406, 2010 WL 4909587, at *2 (E.D. Pa. Nov. 30, 2010).  Gary's Seventh Amendment claim fails because the New Jersey Attorney General brought suit against United Credit and Gary was not a party named in the complaint.  The choice to proceed to trial by jury belonged to either the New Jersey Attorney General or United Credit, but not to Gary as a non-party.  Gary's Seventh Amendment claim will be dismissed.

Gary next contends Hines violated his Thirteenth Amendment rights by denying his "[r]ight to make and enforce contracts."  Am. Compl. ¶ 29.  The Thirteenth Amendment "prohibit[s] compulsion through physical coercion." *United States v. Kozminski*, 487 U.S. 931, 943 (1998); *see also Kaveny v. Miller*, No. 93-0218, 1993 WL 298718, at *2 (E.D. Pa. July 30, 1993) ("[I]nvoluntary servitude [under the Thirteenth Amendment] exists when the victim has no available alternative but to work to be subject to legal sanction or physical harm.").  Gary fails to allege any facts giving rise to a claim he was subjected to slavery or involuntary servitude.  Therefore, this claim will be dismissed.

Gary also alleges Hines violated his Fourteenth Amendment rights by denying him the equal protection of the laws by securing compensation for some consumers injured by United Credit, but not Gary. Gary asserts he was denied both his right to substantive due process and his right to the equal protection of the laws. The Fourteenth Amendment states, "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The Fourteenth Amendment contains both procedural due process and substantive due process protections. *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000). Each of Gary's Fourteenth Amendment claims will be analyzed separately.

Substantive Due Process provides "heightened protection against government interference with certain fundamental rights and liberty interests." *Wash. v. Glucksberg*, 521 U.S. 702, 720 (1997). In analyzing a substantive due process claim, courts focus on whether the right asserted is "deeply rooted in this Nations' history and tradition" so as to be deemed "fundamental." *Id.* at 720-21 (citation omitted). State action causing deprivation of a fundamental right gives rise to a substantive due process claim if "the government deliberately and arbitrarily abused its power." *Nicholas*, 227 F.3d at 139 (citation omitted). The Third Circuit limits substantive due process review to cases involving real property ownership and is "reluctant to extend substantive due process protection to other, less fundamental property interests." *Id.* at 141 (holding substantive due process does not protect a tenured professor's position at a state-run university); *see also Indep. Enters. Inc*, 103 F.3d at 1177, 1180.

Here, Gary fails to assert a violation of a fundamental right and instead, his Amended

Complaint may be construed to assert a deprivation of the $1,049 United Credit fraudulently obtained. Under the New Jersey Consumer Fraud Act, however, Gary has no protected property interest in the restitution sought by the New Jersey Attorney General from United Credit. *See* N.J. Stat. Ann. § 56:8:14. Moreover, Gary has failed to allege Hines acted "deliberately and arbitrarily" or otherwise deprived him of this property. Therefore, Gary has failed to state a claim for a violation of his Fourteenth Amendment substantive due process rights.

A Fourteenth Amendment equal protection claim arises when a distinction is drawn between differing groups or individuals. *Garcia v. Newtown Twp.*, No. 09-3809, 2011 WL 2313662, at *13 (E.D. Pa. June 10, 2011); *see also Doe v. Pa. Bd. of Probation and Parole*, 513 F.3d 95, 107 (3d Cir. 2008). When a classification is not made based on a "suspect or quasi-suspect class" or does not infringe on a fundamental constitutional right, a state's action is measured by whether there is a rational relationship between the action taken and a legitimate state interest. *Garcia*, 2011 WL 2313662, at *13; *see also Doe*, 513 F.3d at 107. Because Gary does not allege he is a member of a "suspect or quasi-suspect class," his equal protection claim must be analyzed under the rational basis standard.[4] When a plaintiff alleges he alone was subject to intentionally different treatment, he must pursue a "class of one" theory. *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (citing *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). A class of one claim must allege "(1) the defendant treated [the plaintiff] differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Id.* The

---

[4] A "suspect or quasi-suspect" class includes only race and gender distinctions. *See Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 227 (1995) (race); *Nguyen v. I.N.S.*, 533 U.S. 53, 60 (2001) (gender).

Supreme Court has "relaxed" the pleading standard for class of one claims, requiring only a "general allegation" of different treatment. *Cradle of Liberty Council, Inc v. Phila.*, No. 08-2429, 2008 WL 4399025, at *6 (E.D. Pa. Sept. 25, 2008) (quoting *Philips v. Cnty of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)).

Gary's claim fails to plead the elements of a class of one claim because Gary does not allege Hines intentionally treated him differently than other similarly situated consumers. As the Division Investigator, Hines interviewed clients, collecting information for the lawsuit. Gary has not alleged Hines decided which individuals to name as plaintiffs in the case or was otherwise involved in deciding whether to include Gary as a plaintiff in the case. Gary's Fourteenth Amendment equal protection claim will be dismissed.

Finally, Gary alleges Hines violated 42 U.S.C. § 1983 by discriminating against him or by being deliberately indifferent to Gary's claims by obtaining restitution for only a few consumers. Section 1983 penalizes any individual who "under color of state law" subjects an individual "to the deprivation of any rights, privileges, or immunities secured by the Constitution." To state a § 1983 claim, a plaintiff must allege "the defendant acted under color of state law to deprive the plaintiff of a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Here, Hines is an investigator for the Department of Consumer Protection, and is indisputably a state actor. However, Gary has not alleged Hines deprived him of any rights secured by the Constitution or laws of the United States. Gary could have sued United Credit to obtain restitution but chose not to and does not allege Hines somehow prevented him from doing so. Because Gary failed to plead the elements of a § 1983 claim, this claim will be dismissed.

Because Gary has failed to state a claim against Hines, this Court will grant Hines's Motion

to Dismiss Gary's Amended Complaint in its entirety. Because Gary alleges violations of his civil rights, however, he will be given until October 20, 2011, to amend his complaint.

An appropriate order follows.

BY THE COURT:


_/s/ Juan R. Sánchez_____
Juan R. Sánchez, J.