IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT L. GARY | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-3686 |
| | : | |
| STATE OF NEW JERSEY DEPARTMENT OF CONSUMER AFFAIRS OFFICE OF CONSUMER PROTECTION, et al. | : : : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                                                     **March 26, 2012**

Pro se Plaintiff Robert L. Gary brings claims against the Federal Trade Commission and its employees (FTC), former U.S. Attorney for the District of New Jersey Christopher J. Christie, and Assistant U.S. Attorney J. Andrew Ruymann (together, Federal Defendants) for failing to uphold their fiduciary duty to protect him and provide him restitution for the monetary loss he suffered at the hands of United Credit Adjusters, Inc., in violation of his First, Fifth, Seventh, Thirteenth, and Fourteenth Amendment rights. Gary seeks injunctive and equitable relief, as well as compensatory damages in the amount of $100 million, pursuant to the civil rights statutes, 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 2000d, and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b).[1]

The Federal Defendants ask this Court to dismiss Gary's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim for violations of Gary's

---

[1] In addition to the Federal Defendants, Gary named as Defendants: (1) New Jersey Division of Consumer Affairs (improperly named State of New Jersey Department of Consumer Affairs Office of Consumer Protection); (2) former Attorney General Anne Milgram (improperly named Anne Milgram); (3) former Division Director David Szuchman (improperly named David Szuchman); and (4) Division Investigator Roger Hines (improperly named Roger Hines) (together, State Defendants). The instant Memorandum Opinion addresses the motion to dismiss on behalf of the Federal Defendants; the State Defendants' motions to dismiss will be addressed by separate order.

constitutional rights. For the reasons that follow, the Court will grant the Federal Defendants' motion in its entirety.

**FACTS**[2]

This case arises from Gary's dealings with United Credit Adjusters, Inc. (United Credit), a credit repair and credit counseling company. Sometime before November 2007, Gary paid United Credit $1,049 to "clear up" his credit. United Credit, however, did not provide Gary with credit repair services. On November 16, 2007, Gary submitted a complaint about United Credit to the Office of the New Jersey Attorney General. On October 14, 2008, after receiving multiple complaints from other consumers, the New Jersey Attorney General filed suit against United Credit for violating the New Jersey Consumer Fraud Act by requiring advance payment for credit services and failing to provide such services.

On March 9, 2009, Roger Hines, a division investigator for the New Jersey Division of Consumer Affairs, contacted Gary in response to Gary's United Credit complaint. Hines informed Gary about the Attorney General's case against United Credit and indicated Gary may be eligible for restitution from United Credit. Gary spoke with Hines again on June 2, 2009, when Gary called to inquire about the status of the case against United Credit and asked, *inter alia*, when he could expect his "restitution." Am. Compl. ¶ 18.

On July 28, 2009, the New Jersey court entered a final consent judgment in the Attorney General's lawsuit requiring United Credit to pay restitution to a small group of injured consumers

---

[2] When considering a motion to dismiss pursuant to Rules 12(b)(1), 12(b)(2), or 12(b)(6), a court must accept as true the well-pleaded factual allegations of a complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2007); *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009); *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1164-65, 1167 (3d Cir. 1987) (citing *Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 273 (3d Cir. 1985)).

of which Gary was not part. Hines advised Gary that because United Credit could not make restitution to all injured consumers, Gary would not receive restitution from the consent judgment, but he should "wait on the Federal Government to get [his] money back." *Id*. ¶ 24; *see also id*. ¶ 66 (alleging Hines told Gary he should "wait on the [FTC]").

In the meantime, on February 24, 2009, the FTC filed suit in the United States District Court for the District of New Jersey against United Credit seeking injunctive relief to enjoin United Credit's fraudulent business practices and equitable relief to force United Credit to return its fraudulently procured profits. On June 26, 2009, having previously contacted the FTC, Gary received a letter from its Consumer Response Center "thanking [him] for his correspondence and assuring [him] the [FTC] acts in the public interest to stop business practices that violate the law[s] that it enforces." *Id*. ¶ 36.

On October 27, 2010, Gary instituted suit against the State Defendants, and on January 31, 2011, Gary filed an Amended Complaint, adding the Federal Defendants. Gary alleges six causes of action against the Federal Defendants based on violations of his constitutional and civil rights. Specifically, Gary alleges the Federal Defendants violated his rights because they have "a fiduciary duty to protect [him] from the harm that he received by the acts of [United Credit]," *id*. ¶¶ 42-43, and "[i]t is self-evident that the Federal . . . defendants dropped the ball. Passed the buck on who would protect [his] Civil Rights that were violated by [United Credit], *id*. ¶ 44.

**DISCUSSION**[3]

A party may seek dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

---

[3] Because Gary appears pro se, the Court will construe his allegations liberally and apply the applicable law irrespective of whether he has cited it by name. *Higgins v. Beyer*, 293 F. 683, 688 (3d Cir. 2002).

*Knauss v. U.S. Dep't of Justice*, No. 10-2636, 2012 WL 176685, at *1 (E.D. Pa. Jan. 20, 2012). Jurisdiction must be established as a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). This requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Id*. at 94-95 (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a facial or factual challenge. *See Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008). Where the motion challenges jurisdiction on the face of the complaint, the court must only consider the allegations of the complaint and documents referenced therein in the light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *Williams v. U.S. Dep't of Veterans Affairs*, No. 11-3719, 2011 WL 4352370, at *3 (D.N.J. Sept. 16, 2011). By contrast, when the existence of subject matter jurisdiction is challenged in fact, "no presumptive truthfulness attaches to the plaintiff's allegations," and the court may consider evidence outside the pleadings to satisfy itself of its power to hear the case. *Gould Elecs., Inc.*, 220 F.3d at 176; *Machon v. Pa. Dep't of Pub. Welfare*, No. 11-4151, 2012 WL 592323, at *4 (E.D. Pa. Feb. 23, 2012) (explaining where answer has not yet been filed, motion is necessarily facial attack). As the party asserting subject matter jurisdiction, the plaintiff has the burden of proving such jurisdiction exists. *Symczyk v. Genesis Healthcare Corp*., 656 F.3d 189, 191 n.4 (3d Cir. 2011); *Li v. Renewable Energy Solutions, Inc.*, No. 11-3589, 2012 WL 589567, at *3 (D.N.J. Feb. 22, 2012).

As with subject matter jurisdiction, the burden falls on the plaintiff to establish personal jurisdiction once such defense is raised. *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312,

316 (3d Cir. 2007). In the absence of an evidentiary hearing, a plaintiff "need only establish a prima facie case of personal jurisdiction." *Id.* (citation omitted). To meet this burden, a plaintiff may not rely "on the bare pleadings alone," but must respond with "actual proofs, not mere allegations." *Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603-04 (3d Cir. 1990) (citation omitted) (indicating "sworn affidavits or other competent evidence" are satisfactory proof); *see also Metcalfe*, 566 F.3d at 330-31.

"Under Federal Rule of Civil Procedure 4(k), a District Court typically exercises personal jurisdiction according to the law of the state where it sits." *O'Connor*, 496 F.3d at 316. The Pennsylvania long-arm statute authorizes the exercise of personal jurisdiction "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b). Therefore, to decide whether personal jurisdiction exists, this Court must determine whether the individual Federal Defendants—to the extent the claims alleged were brought against the individual Federal Defendants in their personal capacity—have "'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *O'Connor*, 496 F.3d at 316 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be exercised under two distinct theories: general jurisdiction and specific jurisdiction. "A court may exercise general jurisdiction over a defendant where he or she has 'continuous and systematic' contacts with the forum, whether or not those contacts are related to the plaintiff's cause of action." *Metcalfe*, 566 F.3d at 334; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). For specific jurisdiction to exist: (1) "the defendant must have purposefully directed [its] activities at the forum"; (2) "the litigation must arise out of or relate to at least one of those activities"; and (3) the exercise of jurisdiction must "otherwise comport[]

with fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (internal quotation marks and citations omitted); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 476 (1985).

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotation marks and citation omitted). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. The court then determines whether a plaintiff has "nudge[d] [his or her] claims across the line from conceivable to plausible." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). Where, as here, the plaintiff is proceeding pro se, "the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

Here, Gary has brought claims against the FTC and its employees, former U.S. Attorney Christopher J. Christie, and current Assistant U.S. Attorney J. Andrew Ruymann alleging violations of his civil rights as well as constitutional violations. The FTC is an agency of the federal government authorized to protect the public interest from fraudulent business practices. However, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (rejecting cause of action against federal agency) (internal citations omitted); *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (holding sovereign immunity applies both when federal government is named defendant and federal governmental agency is named defendant). Thus, without its consent, neither the Federal Government nor its agencies can

be sued for money damages or equitable relief, and this Court cannot hear those claims. *Meyer*, 510 U.S. at 475; *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Anselma Crossing, L.P. v. U.S. Postal Serv.*, 637 F.3d 238, 240 (3d Cir. 2011) (same); *Persik v. Tucci Learning Solutions, Inc.*, No. 06-7431, 2007 WL 2298039, at *3 (N.D. Cal. Aug. 8, 2007) (dismissing cause of action against federal agency regardless whether relief sought is money damages or injunctive relief). Here, the FTC has not consented to suit. Furthermore, the Federal Government has retained its sovereign immunity against suits alleging both constitutional violations and civil rights violations. *Meyer*, 510 U.S. at 473 (barring cause of action against federal agency for violation of Constitution); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (recognizing long-established principle that "suits against the United States brought under the civil rights statutes [42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988] are barred by sovereign immunity"); *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) (finding United States has not waived sovereign immunity for suits alleging violations of 42 U.S.C. §§ 1981 or 1982).

Likewise, federal employees cannot be sued in their official capacities "because a suit against a federal official in his official capacity is, in fact, a suit against the United States." *Goodson v. Maggi*, No. 08-44, 2010 WL 1006901, at *5 (W.D. Pa. Feb. 22, 2010) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985)). Thus, the sovereign immunity that applies to the FTC and shields it from suit for both civil rights violations and constitutional violations also extends to the individually named Federal Defendants in their official capacities. Accordingly, Gary's claims alleging constitutional and civil rights violations against the FTC and its employees—to the extent Gary

asserts claims against employees of the FTC[4]—as well as former U.S. Attorney Christopher J. Christie and current Assistant U.S. Attorney J. Andrew Ruymann, in their official capacities, are dismissed because this Court lacks subject matter jurisdiction.  Given the Federal Defendants are immune from suit, Gary's claims against them are dismissed for the additional reason that the Amended Complaint fails to state a claim upon which relief can be granted.

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), constitutes a limited waiver of the Federal Government's sovereign immunity, *Meyer*, 510 U.S. at 475-76; *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010), and is the "exclusive remedy for tortious conduct by the United States," *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998).  "Because the Federal Tort Claims Act constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989). As such, a plaintiff bringing a claim under the FTCA may sue only the United States, and may seek only monetary damages.  28 U.S.C. § 1346(b)(1) (providing jurisdiction for "civil actions on claims against the United States, for money damages"); *CNA v. United States,* 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA."); *Robinson v. Sherrod,* 631 F.3d 839, 841 (7th Cir. 2011) (holding the FTCA does not provide for equitable relief).  Moreover, federal constitutional violations are not cognizable under the FTCA. *See Meyer,* 510 U.S. at 477-78.

Here, it appears Gary has brought claims under the FTCA against the FTC, a federal agency. However, "agencies of the government . . . cannot be named as parties in FTCA suits" and, therefore, the FTC is not subject to the FTCA.  *D'Alessandro v. E.E.O.C.*, 215 F. Supp. 2d 419, 422 (D. Del.

---

[4] Although not named as Defendants in the Amended Complaint, Gary mentions David Shonka, Sara C. DePaul, Larissa L. Bu[o]ngo, and Michael Rose, all allegedly of the FTC.  Am. Compl. ¶ 11.

2002) (citing *Meyer*, 510 U.S. at 476 and *Craft*, 157 F.3d at 706 (stating FTCA "only allows claims against the United States," and explaining "[a]lthough [FTCA] claims can arise from the acts or omissions of United States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA" (internal citations omitted))). In addition, it appears Gary seeks only equitable relief on his FTCA claim, yet the FTCA does not authorize such relief. 28 U.S.C. § 1346(b)(1); *Robinson,* 631 F.3d at 841. Finally, Gary's claims alleging constitutional violations are not cognizable under the FTCA. *Meyer*, 510 U.S. at 476-78; *Craft*, 157 F.3d at 706.

In addition, claims brought pursuant to the FTCA are prohibited unless the claimant has first exhausted all administrative remedies available to him. 28 U.S.C. § 2675(a); *see Livera*, 879 F.2d at 1194 (explaining requirement to first file administrative tort claim with federal agency is jurisdictional and cannot be waived); *see also Deutsch v. United States*, 67 F.3d 1080, 1091 (3d Cir. 1995). Here, the FTC attests it has no record of Gary filing any administrative tort claim against it or any of its employees, Defs.' Mot. to Dismiss Exs. C and D, ECF No. 39, and the Amended Complaint does not contain any allegations that Gary exhausted his administrative remedies for any such claim. Accordingly, to the extent Gary asserts claims pursuant to the FTCA, those claims are dismissed for lack of subject matter jurisdiction.

Gary also brings a claim pursuant to 42 U.S.C. § 2000d (Title VI of the Civil Rights Act of 1964) against the Federal Defendants alleging discrimination. Title VI is spending-power legislation and, as such, provides the statutory framework through which a federal department or agency may condition the receipt of funding. *Guardians Ass'n v. Civil Serv. Com'n of N.Y.,* 436 U.S. 582, 598-99 (1983). Title VI makes it unlawful for any individual to be denied the opportunity to participate in programs or activities receiving federal funds "on the ground of race, color, or national origin."

9

42 U.S.C. § 2000d.  Section 2000d-4a defines "program or activity" as departments or instrumentalities of state or local governments, colleges and certain public systems of education, certain corporations and other private organizations, and other entities established by two or more of the above entities.  Thus, Title VI does not apply to Gary's claims because the terms "program or activity" do not include federal agencies or programs directly administered by the Federal Government.  *Williams v. Glickman*, 936 F. Supp. 1, 5-6 (D.D.C. 1996) (citing *Fagan v. U. S. Small Bus. Admin.,* 783 F. Supp. 1455, 1456 n.10 (D.D.C. 1992) (explaining Title VI "was meant to cover only the situations where federal funding is given to a non-federal entity which, in turn, provides financial assistance to the ultimate beneficiary" (internal citations omitted))).  Thus, a federal agency such as the FTC does not come within the statute's reach.  Nor is the underlying litigation against United Credit a "program" as contemplated by this statute.  Accordingly, Gary's § 2000d claim against the Federal Defendants will be dismissed.

      Finally, to the extent Gary asserts claims against the individually named Federal Defendants in their personal capacities, these claims fail for lack of personal jurisdiction.  As stated above, to decide whether personal jurisdiction exists – which Gary, as the plaintiff, bears the burden of proving – this Court must determine whether the individual Federal Defendants have "'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *O'Connor*, 496 F.3d at 316 (quoting *Int'l Shoe Co.*, 326 U.S. at 316).

      Here, Gary has not alleged any contacts whatsoever between the Commonwealth of Pennsylvania and former U.S. Attorney Christopher J. Christie, current Assistant U.S. Attorney J. Andrew Ruymann, or any FTC employee mentioned in the Amended Complaint against whom Gary

may have asserted a claim. In fact, the only allegation specifically directed at any of these Defendants references only Sara DePaul, lead counsel for the FTC's lawsuit against United Credit, and former U.S. Attorney Christopher J. Christie, and concerns that lawsuit which occurred entirely in the State of New Jersey. Am. Compl. ¶ 37 ("On or about February 24, 2009, the [FTC] through Attorney Sara DePaul and Christopher J. Christie acting for the U.S. Attorney Office for the state of New Jersey filed a complaint in the United States District Court for the District of New Jersey Civil Action No. 09-798.").[5] This allegation is insufficient to vest personal jurisdiction, and the Amended Complaint does not contain any other allegations that show the individually named Federal Defendants, or even any of the FTC employees, have even the barest minimum contacts with Pennsylvania sufficient to invoke personal jurisdiction "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *O'Connor*, 496 F.3d at 316 (quoting *Int'l Shoe Co.*, 326 U.S. at 316).

Moreover, in his response to the Federal Defendants' jurisdictional defense, Gary merely recites Pennsylvania's long-arm statute as proof that this Court has personal jurisdiction over these Defendants. To prove personal jurisdiction, however, a plaintiff must respond with "actual proofs," such as "sworn affidavits or other competent evidence." *Patterson*, 893 F.2d at 603-04 (citation omitted); *see also Metcalfe*, 566 F.3d at 330-31. Citation to the forum state's long-arm statute, without providing any basis for personal jurisdiction, is insufficient proof of such jurisdiction. *Parker v. Learn Skills Corp.*, 530 F. Supp. 2d 661, 673 (D. Del. 2008). Having thus failed to show the individually named Federal Defendants have either "continuous and systematic" contacts or some purposeful contact with the forum state, to the extent Gary brings claims against the individual

---

[5] In his Declaration, Assistant U.S. Attorney J. Andrew Ruymann declares that all actions taken in that lawsuit occurred in the State of New Jersey. Defs.' Mot. to Dismiss Ex. F, ECF No. 39.

Federal Defendants in their personal capacities, these claims cannot stand.

When dismissing a pro se civil rights complaint, a district court must grant leave to amend, "even if the plaintiff does not request it, unless amendment would be futile or leave to amend is not warranted for some other reason." *Tate v. Morris Cnty. Prosecutors Office*, 284 F. App'x 877, 879 (3d Cir. 2008). Having determined this Court lacks subject matter jurisdiction over certain of Gary's claims asserted against the Federal Defendants, Gary cannot state claims under the FTCA or Title VI, and this Court lacks personal jurisdiction over the individually named Federal Defendants and FTC employees, the Court concludes any further amendment of Gary's Amended Complaint as against these Federal Defendants would be futile.[6] Accordingly, Gary's Amended Complaint is dismissed with prejudice against the Federal Defendants.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[6] In her Declaration, DePaul declares that the FTC has recovered only $23,040.67 to date on a monetary default judgment in the amount of $7,500,344.50 in the United Credit lawsuit. Defs.' Mot. to Dismiss Ex. A, ECF No. 39. DePaul further declares the FTC does not expect it will recover anything further, and, as a result, a program to provide redress to consumer victims would be impracticable – a determination within the FTC's sole discretion. *Id*. Under the terms of the default judgment, the FTC may therefore transfer the recovered funds to the United States Treasury as disgorgement. Gary has not alleged any misconduct on behalf of the FTC in its handling of the funds thus far recovered, nor is there any evidence, or any indication even, that the FTC has or will provide restitution to any of United Credit's more than 12,000 victim-consumers. Thus, to the extent Gary seeks restitution from the FTC in the amount of $1,049, he does not have a cognizable claim.