IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT L. GARY | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-3686 |
| | : | |
| STATE OF NEW JERSEY DEPARTMENT OF CONSUMER AFFAIRS OFFICE OF CONSUMER PROTECTION, et al. | : : : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                             **August 27, 2012**

      Pro se Plaintiff Robert L. Gary brings claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against Roger Hines, an investigator for the New Jersey Division of Consumer Affairs (NJDCA), for violating his rights under the First and Fourteenth Amendments and Article IV, Section 2 of the United States Constitution. Gary also alleges violations of the New Jersey Constitution and the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 et seq. In short, Gary alleges Hines excluded him from the settlement of a civil enforcement action by the New Jersey Office of the Attorney General against United Credit Adjusters, Inc. (United Credit), a company Gary alleges defrauded him of $1,049. Hines asks this Court to dismiss Gary's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), for lack of personal jurisdiction and failure to state a claim upon which relief can be granted, respectively.[1] Because this Court finds it cannot exercise

---

[1] Gary initially brought this action against the NJDCA, David Szuchman (its former director), Hines, and Anne Milgram, the former Attorney General of New Jersey. Gary filed an Amended Complaint, adding as defendants former United States Attorney Christopher J. Christie, Assistant United States Attorney J. Andrew Ruymann, and the Federal Trade Commission and its employees (together, Federal Defendants). By Order of September 22, 2011, Gary's Amended Complaint was dismissed without prejudice as to Hines, and Gary was given leave to file a Second Amended Complaint as to Hines only. By Orders of March 26 and 27, 2012, this Court dismissed Gary's claims against the Federal Defendants with prejudice for lack of personal jurisdiction, lack of subject matter

personal jurisdiction over Hines, the motion to dismiss will be granted.[2]

**FACTS**[3]

This dispute arises from Gary's dealings with United Credit, a New Jersey corporation that purported to provide credit repair and counseling services. Sometime before November 2007, Gary, who resides in Pennsylvania, paid United Credit $1,049 to "clean up [his] credit" and help him secure a mortgage. Second Am. Compl. ¶ 20. United Credit, however, did not provide Gary with any such services. On November 16, 2007, Gary submitted a complaint about United Credit to the New Jersey Attorney General. On October 14, 2008, after receiving multiple complaints from other consumers, the Attorney General filed suit against United Credit for violating the New Jersey Consumer Fraud Act by requiring advance payment for credit services and failing to provide such services.

In March 2009, Hines, on behalf of the NJDCA, responded to Gary's complaint about United Credit (either by mail or by telephone and mail), informing Gary about the Attorney General's case against United Credit and requesting certain information "to better access [Gary's] complaint and [his] request for restitution." *Id.* at ¶ 21. Attached to Hines's response was a questionnaire which Gary was asked to complete and return to the NJDCA. Gary completed and returned the questionnaire, and spoke with Hines a few times over the next several months. In a June 2, 2009,

---

jurisdiction, and for failure to state a claim, and dismissed his claims against the NJDCA, Szuchman, and Milgram with prejudice for lack of personal jurisdiction.

[2] Because Hines is dismissed for lack of personal jurisdiction, this Court need not address Hines's assertion Gary has failed to state a claim upon which relief can be granted.

[3] When considering a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true the well-pleaded factual allegations of the complaint. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).

conversation with Hines, Gary inquired into the status of the case against United Credit and asked why he had not been called as a witness. Hines responded by "assur[ing] [Gary] that everything would be handled by July 28, 2009." *Id.* at ¶ 21. Gary also requested the case's docket number, but Hines told him he did not have it.

On July 28, 2009, the New Jersey Superior Court entered a final consent judgment in the Attorney General's lawsuit which required United Credit to pay restitution to a small group of injured consumers of which Gary was not part. Gary called Hines to express his dissatisfaction with not being included in the restitution order, and Hines advised him that because United Credit could not make restitution to all injured consumers, Gary should "wait on the Federal Defendants to get [his] money back." *Id.* ¶ 23.

In the meantime, on February 24, 2009, the Federal Trade Commission brought an action in the United States District Court for the District of New Jersey against United Credit. Gary has not yet received any restitution for his loss caused by United Credit.

**DISCUSSION**

Gary alleges Hines's handling of his consumer complaint about United Credit deprived him of his Fourteenth Amendment rights to due process and equal protection of the laws, his First Amendment right to petition the government for redress of his grievances, and his entitlement to all privileges and immunities of United States citizenship pursuant to Article IV, Section 2 of the United States Constitution. Gary also alleges Hines violated the New Jersey Constitution and New Jersey Consumer Fraud Act.

The plaintiff has the burden of establishing personal jurisdiction once the defense is raised. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). In the absence of an

evidentiary hearing, a plaintiff "need only establish a prima facie case of personal jurisdiction." *Id.* (citation omitted).  To meet this burden, a plaintiff may not rely "on the bare pleadings alone," but must respond with "actual proofs, not mere allegations." *Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603-04 (3d Cir. 1990) (citation omitted) (indicating "sworn affidavits or other competent evidence" are satisfactory proof); *see also Metcalfe*, 566 F.3d at 330-31.

"Under Federal Rule of Civil Procedure 4(k), a District Court typically exercises personal jurisdiction according to the law of the state where it sits." *O'Connor*, 496 F.3d at 316.  The Pennsylvania long-arm statute authorizes the exercise of personal jurisdiction "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b).  Therefore, to decide whether personal jurisdiction exists, this Court must determine whether Hines has "'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *O'Connor*, 496 F.3d at 316 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be exercised under two distinct theories:  general jurisdiction and specific jurisdiction.  "A court may exercise general jurisdiction over a defendant where he or she has 'continuous and systematic' contacts with the forum, whether or not those contacts are related to the plaintiff's cause of action." *Metcalfe*, 566 F.3d at 334 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)).  Gary does not contend Hines is subject to general jurisdiction; rather, he appears to assert this Court may exercise specific jurisdiction over Hines.  For specific jurisdiction to exist:  (1) "the defendant must have purposefully directed [its] activities at the forum"; (2) "the litigation must arise out of or relate to at least one of those activities"; and (3) the exercise of jurisdiction must "otherwise comport[] with fair play and

4

substantial justice." *O'Connor*, 496 F.3d at 317 (internal quotation marks and citations omitted); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 476 (1985).

To satisfy the first prong of the specific jurisdiction analysis, Gary must show Hines "purposefully availed [him]self of the privilege of conducting activities within [Pennsylvania]." *O'Connor*, 496 F.3d at 317 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Hines's "deliberate targeting of the forum" is necessary. *Id.* "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person." *Burger King Corp.*, 471 U.S. at 475 (citation and internal quotation marks omitted).

It is not disputed Hines works for the NJDCA solely in New Jersey. Hines's only contacts with Pennsylvania consist of a handful of communications between Hines in New Jersey and Gary in Pennsylvania, "first by mail, then over the phone." Pl.'s Answer to Hines's Mot. to Dismiss 6, ECF No. 65. All such communications were in response to Gary's initial consumer complaint about United Credit, and several of the telephone calls were originated by Gary. Such communications in response to Gary's unilateral inquiries are insufficient to demonstrate Hines deliberately targeted Pennsylvania with the purpose of availing himself of the benefits and protections of conducting activities therein. *See Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (holding Missouri defendant's telephone calls to, and billing of, Pennsylvania plaintiff combined with defendant's advertisement in Pennsylvania were not sufficient contacts to establish personal jurisdiction in Pennsylvania, and further noting "the referral by which [plaintiff] seeks to establish a significant business relationship between Pennsylvania and [defendant] was not only unsolicited by [defendant], but was manifested in its initial contact by a telephone call from

[plaintiff] in Pennsylvania to [defendant] in Missouri); *see also Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 152 (3d Cir. 1996) (holding informational telephone calls and letters directed to the forum state alone do not establish purposeful activity necessary to establish personal jurisdiction over nonresident in contract cases); *Rodi v. S. New Eng. Sch. of Law*, 255 F. Supp. 2d 346, 350-51 (D.N.J. 2003) (holding contacts insufficient for personal jurisdiction where nonresident defendant law school sent plaintiff an acknowledgment letter and an acceptance letter in response to plaintiff's inquiries and application). Moreover, permitting Gary to maintain this suit in Pennsylvania based solely on Hines's sending a questionnaire to Pennsylvania and participating in a handful of telephone calls with Gary in Pennsylvania (some of which were originated by Gary) would certainly "offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316 (citation omitted).

Furthermore, Gary has had the benefit of two prior opinions in this case dismissing other Defendants (in part) for lack of personal jurisdiction, which opinions addressed his failure to respond to the personal jurisdiction challenges with actual proofs, such as "sworn affidavits or other competent evidence." *Patterson*, 893 F.2d at 604 (3d Cir. 1990); *see also* Mem. Op. 11, Mar. 26, 2012, ECF No. 56; Order 3 n.1, Mar. 27, 2012, ECF No. 58. Nevertheless, and despite having been specifically directed to "address the basis for this Court's exercise of personal jurisdiction over Hines," Order, May 18, 2012, ECF No. 61,[4] Gary has not submitted any evidence regarding jurisdiction, but has responded only with mere allegations and by citing the Pennsylvania long-arm statute. *See Parker v. Learn Skills Corp.*, 530 F. Supp. 2d 661, 673 (D. Del. 2008) (holding

---

[4] After Gary's initial failure to respond to Hines's motion to dismiss the Second Amended Complaint, this Court directed Gary to file a response and instructed him specifically to address Hines's personal jurisdiction challenge.

recitation of the forum state's long-arm statute, without providing any basis for personal jurisdiction, is insufficient proof of such jurisdiction).  Gary, therefore, has not met his burden of establishing personal jurisdiction over Hines.

When dismissing a pro se civil rights complaint, a district court must grant leave to amend, "even if the plaintiff does not request it, unless amendment would be futile or leave to amend is not warranted for some other reason." *Tate v. Morris Cnty. Prosecutors Office*, 284 F. App'x 877, 879 (3d Cir. 2008).  Although Gary's claims against Hines were previously dismissed with leave to amend his first Amended Complaint, the dismissal was not based on lack of personal jurisdiction.  Nevertheless, having provided Gary ample opportunity to establish personal jurisdiction over Hines, this Court is satisfied any further amendment of Gary's Second Amended Complaint would be futile.  Accordingly, Gary's Second Amended Complaint is dismissed with prejudice.

                                       BY THE COURT:

                                       /s/ Juan R. Sánchez
                                       Juan R. Sánchez, J.